**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **ERIC S. VENTERS,** | ) | |
| | ) | |
| **Petitioner/Defendant,** | ) | |
| | ) | **CIVIL NO. 09-cv-904-WDS** |
| **vs.** | ) | |
| | ) | **CRIMINAL NO. 06-cr-40064** |
| **UNITED STATES of AMERICA ,** | ) | |
| | ) | |
| **Respondent/Plaintiff.** | ) | |

**MEMORANDUM AND ORDER**

**STIEHL, District Judge:**

This matter is before the Court on Petitioner's motion for relief pursuant to 28 U.S.C. § 2255. Petitioner pleaded guilty, pursuant to a conditional plea agreement and stipulation of facts, to possession of equipment, chemicals, products or materials with intent to manufacture methamphetamine in violation of 21 U.S.C. § 843(a)(6).  On October 24, 2007, Petitioner was sentenced to 188 months  imprisonment, 3 years supervised release, a fine of $250, and a special assessment of $100.  The conditional plea agreement allowed Petitioner to appeal a ruling by this Court which denied Petitioner's motion to suppress.  On August 27, 2008, the Seventh Circuit Court of Appeals affirmed the denial of the suppression motion on direct appeal.  *United States v. Venters*, No. 07-3661 (7th Cir. Aug. 27, 2008).  Petitioner contends that he directed his appellate counsel to seek a writ of certiorari to the Supreme Court of the United States, but that his attorney did not follow his instructions.  On October 27, 2009, Petitioner filed the instant motion under § 2255.

In his motion the Petitioner raises four grounds for relief: (1) ineffective assistance of counsel for failing to appeal his sentence; (2) ineffective assistance of counsel because he "did not argue or appeal fictional amounts of evidence [the] AUSA provided to support [the] indictment . . .[to

support] the stipulation of facts.."; (3) ineffective assistance of counsel due to counsel's failure to subpoena witnesses for the suppression hearing; and (4) ineffective assistance of appellate counsel for refusing to file a petition for a writ of certiorari concerning the suppression hearing.

As noted above, Petitioner had a written conditional plea agreement which provided, in part, that:

> 1. The Defendant understands that by pleading guilty, he is waiving all appellate issues that might have been available if he had exercised his right to trial with one exception. **Pursuant to Rule 11(a)(2) of the Federal Rules of Criminal Procedure, the Defendant reserves the right to appeal the District Court's ruling solely on the issue of the Defendant's Motion to Suppress.**

> 2. The Defendant is aware that Title 18, Title 28, and other provisions of the United States Code afford every defendant limited rights to contest a conviction and/or sentence. Acknowledging all this, and in exchange for the recommendations and concessions made by the Government in this plea agreement, the Defendant knowingly and voluntarily waives his right to contest any aspect of his conviction and sentence that could be contested under Title 18, Title 28 or any other provision of federal law, except that if the sentence imposed is in excess of the Sentencing Guidelines as determined by the Court (or any applicable statutory minimum, whichever is greater), the Defendant reserves the right to appeal the reasonableness of the sentence.

*United States v. Venters,* Case no. 4:06-cr-40064 (S.D. Ill. Plea agreement filed July 23, 2007). Petitioner entered into his plea agreement with the Government in an attempt to benefit himself. In exchange for the benefits he received, he waived his right to a direct appeal (except as to the motion to suppress) and to a collateral attack under § 2255. Petitioner does not address the effect of his waiver on his § 2255 motion.

The Seventh Circuit has held that "a waiver of a right to appeal contained within a guilty plea is enforceable," provided the waiver is knowing and voluntary. *United States v. Feichtinger*, 105

F.3d 1188, 1190 (7th Cir.), *cert. denied*, 520 U.S. 1281 (1997); *United States v. Schmidt*, 47 F.3d 188, 190 (7th Cir. 1995). *See also United States v. Wenger*, 58 F.3d 280, 281 (7th Cir.), *cert. denied*, 116 S.Ct. 349 (1995). Petitioner nowhere asserts that the waiver in his plea agreement was not knowing and voluntary. Nevertheless, a waiver will not be enforced if the district judge relied on impermissible facts in sentencing (for example, the defendant's race or gender) or if the judge sentenced the defendant in excess of the statutory maximum sentence for the offense committed. *Feichtinger*, 105 F.3d at 1190.

Similarly, the Seventh Circuit has found that a waiver of § 2255 relief in a plea agreement is enforceable, and should be treated no differently from the waiver of a direct appeal. *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999). Indeed, the Seventh Circuit has specifically stated that both statutory and constitutional rights can be waived in a plea agreement. *Id.* at 1144; *United States v. Woolley*, 123 F.3d 627, 631-32 (7th Cir. 1997); *Feichtinger*, 105 F.3d at 1190. *See also United States v. Woods*, 581 F.3d 531, 534 (7th Cir. 2009); *United States v. Emerson*, 349 F.3d 986, 988 (7th Cir. 2003).

For the waiver to apply, however, Petitioner's sentence had to be within the maximum provided for in the statute of conviction and the applicable guideline range based upon petitioner's relevant conduct. Because of Petitioner's prior felonies, the maximum penalty for possession of equipment, chemicals, products or materials with intent to manufacture methamphetamine in violation of 21 U.S.C. § 843(a)(6), was 20 years imprisonment. *See* 21 U.S.C. § 843(d)(2). Based upon the conduct to which Petitioner admitted and others attributed to him, his applicable range of imprisonment was 151 to 188 months imprisonment; Petitioner ultimately was sentenced to 188 months imprisonment. There is no basis in the record for avoiding this waiver as it applies to

grounds (1) and (2) of the instant motion.  Grounds (1) and (2) address matters other than the motion to suppress.  Consequently, Petitioner waived his right to challenge these matters.   Therefore, grounds (1) and (2) of the instant motion are **DISMISSED** with prejudice.

It is unclear, however, whether the waiver applies to the collateral challenges asserted in ground (3) and (4) of the instant motion.  Grounds (3) and (4) concern the motion to suppress and, therefore, may arguably be excepted from the waiver.

Accordingly, the Court **ORDERS** the Government to file a response to grounds (3) and (4) of  Petitioner's motion within **THIRTY (30) DAYS** of the date of this Order.  The Government shall, as part of its response, attach all relevant portions of the record.

**IT IS SO ORDERED.**

**DATED: April 29, 2010.**


<u>s/ WILLIAM D.  STIEHL</u>
**DISTRICT JUDGE**

- 4 -