# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ERIC S. VENTERS, | ) |
| Petitioner, | ) ) ) |
| vs. | ) CIVIL NO. 09-cv-904-WDS |
| UNITED STATES OF AMERICA, | ) ) ) |
| Respondent. | ) |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court are grounds three (3) and four (4) of petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. 1), to which the government has filed a response (Doc. 5), and petitioner a reply (Doc. 6).[1] Grounds one (1) and two (2) of petitioner's motion were previously dismissed with prejudice by this Court as barred by the valid plea agreement (Doc. 3).

## BACKGROUND

Petitioner pleaded guilty, pursuant to a conditional plea agreement and stipulation of facts, to possession of equipment, chemicals, products or materials with intent to manufacture

---

[1] Petitioner, in his reply (Doc. 6), made a one-sentence request for an evidentiary hearing and for counsel. Because summary dismissal of a § 2255 motion is appropriate when the motion and the files and records of the case conclusively demonstrate that the petitioner is not entitled to relief, this Court **FINDS** that it is unnecessary to hold a hearing. 28 U.S.C. § 2255(b) (2010), *See also Politte v. United States*, 852 F.2d 924, 931 (7th Cir.1988).
    Additionally, because a motion under § 2255 is a civil proceeding, a petitioner does not have a constitutional right to counsel. *Rauter v. United States*, 871 F.2d 693, 695 (7th Cir.1989). In light of the fact that no hearing is required, the Court is not obligated to appoint counsel, and the Court **FINDS** that petitioner has adequately presented his arguments, and appointment of counsel is not warranted in this case. *Id.* at 695-96.

methamphetamine in violation of 21 U.S.C. § 843(a)(6). As part of the plea agreement, petitioner waived most of his rights to appeal or contest his conviction and sentencing. Specifically, petitioner waived his right to appeal all issues except for this Court's ruling on his motion to suppress, and he also waived his right to contest any aspect of his conviction and sentence via a collateral attack except to appeal the reasonableness of his sentence in certain circumstances.

On October 24, 2007, this Court sentenced petitioner to 188 months imprisonment, three (3) years supervised release, a fine of $250, and a special assessment of $100. Petitioner appealed this Court's denial of his motion to suppress, and the Seventh Circuit affirmed. *United States v. Venters*, 539 F.3d 801, 809 (7th Cir. 2008). On October 27, 2009, petitioner filed this motion under §2255, raising four (4) grounds for relief. This Court dismissed grounds one (1) and two (2) with prejudice, but it ordered the government to file a response to the grounds three (3) and four (4), which relate to the motion to suppress (Doc. 3).

## ANALYSIS

The remaining two grounds for relief in the petitioner's §2255 motion are: (1) ineffective assistance of counsel based upon counsel's failure to subpoena witnesses for the suppression hearing; and (2) ineffective assistance of counsel based upon counsel's refusal to file a petition for a writ of certiorari concerning the Seventh Circuit Court of Appeals' affirmance of this Court's Order denying defendant's motion to suppress filed in Case No. 4:06-CR-40064-WDS. Although the plea agreement reserved petitioner's right to appeal the Court's order on his motion to suppress, it waived petitioner's right to pursue this issue in a §2255 motion.

Waivers of the right to mount a collateral attack under §2255 are "enforceable as a

general rule." *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999). When a defendant "knowingly and voluntarily" enters into an "express and unambiguous" waiver of the right to appeal, the waiver is generally enforceable. *See United States v. Woolley*, 123 F.3d 627, 632 (7th Cir. 1997). Since "there is no principled means of distinguishing a §2255 waiver from a waiver of appeal rights," the same principles apply to a waiver of the right to mount a collateral attack under §2255. *Jones*, 167 F.3d at 1145. A waiver of the right to mount a collateral attack is enforceable unless it was not knowing and voluntary or the defendant can establish a claim of ineffective assistance of counsel in connection with negotiating the agreement. *Mason v. United States*, 211 F.3d 1065, 1069 (7th Cir. 2000) (citing *Jones*, 167 F.3d at 1145).

As part of his conditional plea agreement, petitioner waived the right to assert arguments related to the motion to suppress in a §2255 motion. Section three (III) of the plea agreement provided that:

> 1.  The Defendant understands that by pleading guilty, he is waiving all appellate issues that might have been available if he had exercised his right to trial with one exception. **Pursuant to Rule 11(a)(2) of the Federal Rules of Criminal Procedure, the Defendant reserves the right to appeal the District Court's ruling solely on the issue of the Defendant's Motion to Suppress.**
>
> The Defendant states that he is fully satisfied with the representation he has received from his counsel, that they have discussed the Government's case, possible defenses and have explored all areas which the Defendant has requested relative to the Government's case and his defense.
>
> 2.  The Defendant is aware that Title 18, Title 28, and other provisions of the United States Code afford every defendant limited rights to contest a conviction and/or sentence. Acknowledging all of this, and in exchange for the recommendations and concessions made by Government in this plea agreement, the Defendant knowingly and voluntarily waives his right to contest any aspect of his conviction and sentence that could be contested under Title 18, Title 28 or any other provision of federal law, except that if the sentence imposed is in excess of the Sentencing Guidelines as determined by the Court (or any applicable statutory minimum, whichever is greater), the Defendant reserves the right to appeal the reasonableness of the sentence.

*United States v. Venters*, Case No. 4:06-CR-40064 (S.D. Ill. Plea agreement filed July 23, 2007). Petitioner entered into his plea agreement with the government in an attempt to benefit himself. In exchange for the benefits he received, he waived his right to mount a collateral attack under § 2255 except with regard to certain sentencing matters not at issue. While petitioner did reserve his right to appeal this Court's ruling of the motion to suppress, the plea agreement clearly distinguished between the remaining grounds on which petitioner may appeal and the grounds on which he may mount a collateral attack. The plea agreement's language is unambiguous: petitioner maintained the right to appeal the suppression issue, but not the right to mount a collateral attack on the issue.

Of course, this agreement limited the petitioner's ability to defend his rights relating to the suppression of evidence. Under the terms of the plea agreement, if petitioner's counsel had been ineffective in appealing the motion to suppress, petitioner would have no means of recourse. However, this does not mean that the waiver is unenforceable. "Defendants who appeal from sentences following plea agreements *always* point to unanticipated and unwelcome developments … . To say that a waiver of appeal is effective if and only if the defendant lacks grounds for appeal is to say that waivers will not be honored." *United States v. Wenger*, 58 F.3d 280, 282 (7th Cir. 1995). A waiver of the right to appeal on the basis of ineffective assistance of counsel is enforceable even when the alleged ineffective assistance occurs after the waiver, *see Bridgeman v. United States*, 229 F.3d 589, 592-93 (7th Cir. 2000), and there is no reason to treat a waiver of the right to mount a collateral attack differently. *Jones*, 167 F.3d at 1145. Nothing in the plea agreement or petitioner's pleadings suggest that petitioner's waiver of this right was

4

unknowing or involuntary or that petitioner lacked effective counsel in negotiating the terms of the plea agreement, and therefore, the Court will hold petitioner to his bargain.

Notably, even if petitioner's arguments were not barred by his plea agreement, each would fail on the merits. In ground (3), petitioner asserts ineffective assistance for failure to subpoena key witnesses to his suppression hearing, alleging that this violates his right to confront key witnesses. When alleging omissions, "it is not enough to criticize counsel for failing to take particular steps. Instead, one must also address what action counsel did take, and then evaluate [his] performance as a whole." *Eckstein v. Kingston*, 460 F.3d 844, 849 (7th Cir. 2006). Upon evaluating whether counsel's performance was reasonable, the Court should not "second-guess counsel's strategic decisions or take up the role of the 'Monday morning quarterback.'" *United States v. Recendiz*, 557 F.3d 511, 531 (7th Cir. 2009) (quoting *Harris v. Reed*, 894 F.2d 871, 877 (7th Cir. 1990)).

Petitioner fails to provide any explanation, evidence, or affidavits to show the manner in which this testimony would have potentially helped defendant, he merely asserts that he wanted the opportunity to confront or cross-examine them. Without any further information, mere speculation on petitioner's part is not enough, especially in light of the other testimony presented by witnesses at the suppression hearing. "[A]t the very least the petitioner must submit an affidavit from the uncalled witness stating the testimony he or she would have given had they been called." *Wright v. Gramley*, 125 F.3d 1038, 1044 (7th Cir. 1997).

Petitioner asserts that Sue Houseworth ("Houseworth") and Mt. Vernon Police Detective McElroy ("McElroy") should have been subpoenaed to testify at the hearing because he had information that Houseworth, in vague terms, participated in some sort of "inappropriate

5

behavior," and McElroy had perjured himself in an Illinois court proceeding. Petitioner provides no further details or explanations.

According to the government, Houseworth had reported petitioner for child neglect to the Department of Child and Family Services, which led to the search of petitioner's home, and McElroy was one of two police officers who entered petitioner's home to investigate. Two witnesses who did testify at the suppression hearing were Vanessa Shaw ("Shaw"), a Child Protective Investigator, and Officer Rodney Sweetin ("Sweetin"). Petitioner had the opportunity to cross-examine each of these witnesses, and petitioner has presented no evidence or explanation that the testimony of Houseworth or McElroy would have been different from that of Shaw or Sweetin. The fact that petitioner claims that he asked counsel to subpoena these witnesses, and counsel refused, informs the Court that counsel was aware of the witnesses and made a conscious decision not to call them. This Court will not now second-guess counsel's tactical decisions, especially with no information as to how Houseworth's or McElroy's testimony or cross-examination would have helped petitioner.

Thus, petitioner has failed to meet either prong of the familiar *Strickland* test. Therefore his claim of ineffective assistance on this ground would fail on the merits. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984) (To present a successful ineffective assistance claim, petitioner must show that counsel's performance fell below an objective standard of reasonableness and that petitioner was prejudiced by counsel's performance).

In ground (4), petitioner asserts ineffective assistance for failure to file a petition for certiorari with the Supreme Court, an argument that is a "non-starter" according to well settled caselaw. *Wyatt v. United States*, 574 F.3d 455, 459 (7th Cir. 2009).

> The Supreme Court held in *Ross v. Moffitt*, 417 U.S. 600, 617, 94 S.Ct. 2437, 41 L.Ed 341 (1974), that a criminal defendant has no constitutional right to counsel to pursue a petition for a writ of certiorari. And where there is no constitutional right to counsel, there cannot be constitutionally ineffective assistance of counsel.

*Wyatt*, 574 F.3d at 459. Petitioner has no constitutional right to counsel in petitioning for review with the Supreme Court, therefore, petitioner cannot have a claim of ineffective assistance of counsel based on failure to file for a writ. *Id.*

## **CONCLUSION**

Accordingly, the Court **DENIES** petitioner's motion to vacate, set aside or correct sentence (Doc. 1) on all grounds raised and **DISMISSES** the petition **with prejudice**.

The Clerk of the Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED**

**DATE:** April 22, 2011

　　　　　　　　　　　　　　　　　　　　**/s/ WILLIAM D. STIEHL**
　　　　　　　　　　　　　　　　　　　　　　　**DISTRICT JUDGE**