**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| ERIC S. VENTERS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) CIVIL NO. 09-cv-904-WDS |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court is Petitioner's motion to reconsider the Court's dismissal of his § 2255 petition and request for certificate of appealability (Doc. 9), to which the government has not filed a response.

## BACKGROUND

Petitioner pleaded guilty, pursuant to a conditional plea agreement and stipulation of facts, to possession of equipment, chemicals, products or materials with intent to manufacture methamphetamine in violation of 21 U.S.C. § 843(a)(6). (Case No. 4:06-CR-40064-WDS-1). As part of the plea agreement, petitioner waived most of his rights to appeal or contest his conviction and sentencing. Specifically, petitioner waived his right to appeal all issues except for this Court's ruling on his motion to suppress, and he also waived his right to contest any aspect of his conviction and sentence via a collateral attack except to appeal the reasonableness of his sentence in certain circumstances.

On October 24, 2007, this Court sentenced petitioner to 188 months imprisonment, three (3) years supervised release, a fine of $250, and a special assessment of $100. Petitioner

appealed this Court's denial of his motion to suppress, and the Seventh Circuit affirmed. *United States v. Venters*, 539 F.3d 801, 809 (7th Cir. 2008). On October 27, 2009, petitioner filed a motion under § 2255, raising four (4) grounds for relief. This Court dismissed grounds one (1) and two (2) with prejudice, but it ordered the government to file a response to grounds three (3) and four (4), which related to the motion to suppress (Doc. 3). On April 22, 2011, this Court dismissed grounds three (3) and four (4), with prejudice, as barred by the valid plea agreement (Doc. 7).

In the instant motion, petitioner appears to be requesting an evidentiary hearing for the Court to reconsider whether petitioner can, in fact, bring an ineffective assistance claim based upon counsel's failure to call certain witnesses to refute so-called fictional hearsay evidence. Further, petitioner requests that this Court grant him a Certificate of Appealability.

## ANALYSIS

### I. Motion to Reconsider

Petitioner does not cite any legal precedent under which he would be entitled to reconsideration of his §2255 claims. Petitioner merely restates that Sue Houseworth's ("Houseworth") hearsay report is fictional, and that Detective Ron McElroy's ("McElroy") testimony at two separate hearings was contradictory, and that McElroy fabricated evidence to assist in petitioner's indictment.

Relief from judgment is available in a limited fashion under the Federal Rules. There is no pleading called a "motion to reconsider" in the Federal Rules of Civil Procedure, though courts generally construe such requests as being brought under Rule 59(e) or Rule 60(b). *See, e.g., United States v. Deutsch*, 981 F.2d 299, 300-01 (7th Cir.1992). Rule 59(e) and Rule 60(b)

2

are two avenues in which a party may seek reconsideration of the merits of an order of the Court.

A motion for reconsideration, or a motion to alter or amend judgment pursuant to Rule 59(e), serves three very limited purposes in federal civil litigation, and applies only when there is newly discovered evidence, an intervening change in the controlling law, or manifest error of law. *Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir. 1998); *In re Prince*, 85 F.3d 314, 324 (7th Cir.1996); *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996); *Russell v. Delco Remy Div. Of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). A motion for reconsideration, however, is not an opportunity for a party to correct its own procedural failures or introduce evidence that should have been brought to the attention of the court prior to judgment. *See Johnny Blastoff, Inc. v. Los Angeles Rams Football Co.*, 188 F.3d 427, 439 (7th Cir. 1999); *see also*, *Calumet Lumber, Inc. v. Mid-America Indus., Inc.*, 1996 WL 308243, at *1 (N.D.Ill. June 5, 1996).

Under Rule 60(b) a court may grant relief only under the particular circumstances enumerated in the Rule, including: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied, released, or discharged judgment; or (6) any other reason justifying relief from the operation of the judgment. "Rule 60(b) is ... an extraordinary remedy," which does not allow for "general pleas of relief." *Deutsch*, 981 F.2d at 301 (internal citation omitted). Nor is Rule 60(b) the "proper avenue to redress mistakes of law committed by the trial judge." *Parke-Chapley Constr. Co. v. Cherrington*, 865 F.2d 907, 915 (7th Cir. 1989). Legal error is not one of the specified grounds for a Rule 60(b) motion; in fact, it is "a forbidden ground." *Marques v. Fed. Reserve Bank of Chicago*, 286 F.3d 1014, 1017 (7th Cir. 2002).

Even liberally construing petitioner's motion, his assertions fail to meet the requirements for Rule 59(e) or Rule 60(b) relief. This Court has already adequately addressed all of the issues raised by petitioner in its Order dismissing the § 2255 petition (Doc. 7). Specifically, the Court determined that his particular collateral attack was barred by the valid plea agreement, but even if it were not, the Court determined that petitioner's ineffective assistance claim based upon counsel's failure to subpoena Houseworth or McElroy would fail on the merits.

The Court fully considered this issue in making its determination to dismiss petitioner's petition, and declines petitioner's request to reconsider it further or to consider any new information that should have been raised before the Court made its decision. The petitioner has made no showing that meets the requirements for relief under Rule 59(e) or Rule 60(b), and the Court, therefore, **DENIES** petitioner's motion for reconsideration (Doc. 9).

**II. Motion for Certificate of Appealability**

Pursuant to 28 U.S.C. § 2253 the petitioner may not proceed on appeal without a certificate of appealability. Section 2253(c)(2) provides that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." Further, §2253(c)(3) provides: "The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2)."

Here, petitioner asserts that his Fourth and Sixth Amendment rights were violated because excluded evidence was so important that its omission constituted a constitutional violation. Although petitioner insists that Houseworth's and McElroy's testimony would have "canceled out" the testimony of a key witness who appeared in court (Vanessa Shaw), he has failed to explain how, beyond mere speculation. Furthermore, as the Court stated in its order

4

denying the petition, "at the very least, the petitioner must submit an affidavit from the uncalled witness stating the testimony he or she would have given had they been called." *Wright v. Gramley*, 125 F.3d 1038, 1044 (7th Cir. 1997).

Petitioner has failed to make a substantial showing of the deprivation of a constitutional right, and therefore, has not set forth any grounds for issuance of a certificate of appealability. The Court **FINDS** that the record does not support such a finding, and therefore, the Court declines to issue a certificate of appealability in this case, and **DENIES** petitioner's motion (Doc. 9).

## **CONCLUSION**

Accordingly, the Court **DENIES** petitioner's motion for reconsideration, and **DENIES** petitioner's request for a certificate of appealability (Doc. 9).


**IT IS SO ORDERED**

**DATE:** June 3, 2011

                                        **/s/ WILLIAM D. STIEHL**
                                           **DISTRICT JUDGE**