# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| ERIC S. VENTERS, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| v. | ) | CASE NO. 09-CV-904-WDS |
|  | ) |  |
| UNITED STATES of AMERICA, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

## ORDER

**STIEHL, District Judge:**

Before the Court is petitioner's "motion fraud on the Court" [sic] (Doc. 22). In this motion, petitioner requests correction of his sentence based on his allegations that the career offender drug trafficking sentencing enhancement he received violated the Constitution and was wrongfully applied.

Petitioner provides the following bare "facts" in support of his motion: (1) zero drug weight; (2) zero relative conduct, (3) P.S.I. states no drugs involved in current offense; (4) one count probational indictment in question; (5) no history of ever being charged with distribution of any drugs; and (6) no history of ever being charged with conspiracy of distributing any drugs or found guilty of manufacturing methamphetamine.

## BACKGROUND

Petitioner pleaded guilty, pursuant to a conditional plea agreement and stipulation of facts, to possession of equipment, chemicals, products or materials with intent to manufacture methamphetamine in violation of 21 U.S.C. § 843(a)(6). On October 24, 2007, Petitioner was sentenced to 188 months imprisonment, 3 years of supervised release, a fine of $250, and a special assessment of $100. The conditional plea agreement allowed petitioner to appeal a

ruling by this Court which denied petitioner's motion to suppress. On August 27, 2008, the Seventh Circuit Court of Appeals affirmed the denial of the suppression motion on direct appeal. *United States v. Venters*, 539 F.3d 801, 809 (7th Cir. 2008). On October 27, 2009, petitioner filed a motion pursuant to 28 U.S.C. § 2255. The Court determined that petitioner had executed a valid waiver agreeing not to challenge matters other than the motion to suppress, and ultimately dismissed petitioner's § 2255 motion on all grounds raised (Docs. 3, 7). On September 26, 2011, the Court of Appeals denied petitioner's request for a certificate of appealability after determining that he failed to make a substantial showing of the denial of a constitutional right. (Doc. 22-1).

On July 1, 2013, petitioner filed the instant motion.

## **LEGAL STANDARD**

Generally, district courts lack jurisdiction to hear second or successive habeas petitions under § 2255. *Curry v. United States*, 507 F.3d 603, 605 (7th Cir. 2007). Although § 2255 gives jurisdiction over first habeas petitions to the district courts, it states, "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals . . . ." 28 U.S.C. § 2255(h).

The Court must "examine the substance of the filing to determine whether it is in fact a § 2255 motion that might be second or successive." *Vitrano v. United States*, 643 F.3d 229, 233 (7th Cir. 2011).

> Prisoners cannot avoid the AEDPA's rules by inventive captioning. See, e.g., *Owens v. Boyd*, 235 F.3d 356 (7th Cir.2000) (application for coram nobis); *United States v. Evans*, 224 F.3d 670 (7th Cir.2000) (use of Rule 33 based on matters other than newly discovered evidence of innocence). Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, *is* a motion under § 2255, no matter what title the prisoner plasters on the cover. See, e.g., *Ramunno v. United States*, 264 F.3d 723 (7th Cir.2001). Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment,

2

quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls. *See Thurman v. Gramley*, 97 F.3d 185, 186-87 (7th Cir.1996).

*Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004).

## ANALYSIS

Petitioner's current motion (Doc. 22), although entitled "MOTION FRAUD ON THE COURT," is substantively a motion to correct sentence pursuant to § 2255. Petitioner appears to be challenging a sentencing enhancement on constitutional grounds, and the remedy he seeks is the correction of his sentence. Such a motion undoubtedly falls within the ambit of § 2255 (*see* 28 U.S.C. § 2255(a)).

Furthermore, petitioner's current motion pursuant to 28 U.S.C. § 2255 is clearly a second or successive petition which he has not appropriately sought or been granted permission to file. Accordingly, the Court lacks jurisdiction to consider the merits of the motion.

## CERTIFICATE OF APPEALABILITY

Should Petitioner desire to appeal this Court's ruling dismissing his motion under 28 U.S.C. § 2255, as second or successive, he must first secure a certificate of appealability, either from this Court or from the Court of Appeals. *See* FED. R. APP. P. 22(b); 28 U.S.C. § 2253(c)(1); *Sveum v. Smith*, 403 F.3d 447, 448 (7th Cir. 2005). Pursuant to 28 U.S.C. § 2253, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." This requirement has been interpreted by the Supreme Court to mean that an applicant must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When the motion has been dismissed on procedural grounds, the petitioner must show that reasonable jurists "would find it debatable whether the district court was correct in its procedural ruling." *Id.*

The Court finds no basis for a determination that its decision as to whether petitioner's motion is second or successive is debatable or incorrect. Accordingly, a certificate of appealability shall **NOT** be issued.

## **CONCLUSION**

Petitioner's motion is a second or successive petition for which leave to file has not been granted, and accordingly, the Court **DISMISSES** the motion (Doc. 22) for lack of jurisdiction. A Certificate of appealability shall **NOT** be issued.

**IT IS SO ORDERED.**

**DATE: November 27, 2013**

/s/   WILLIAM D. STIEHL
    DISTRICT JUDGE